UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELAND MCCALL,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>    Defendant. | No. 2:18-cv-1927 WBS DB PS<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

On July 12, 2018, plaintiff filed a complaint alleging that the Department of Veterans Affairs refused to reimburse plaintiff for medical expenses. (Compl. (ECF No. 1) at 5.) The complaint seeks monetary damages. (Id. at 6.) On August 14, 2018, plaintiff filed a purported proof of service of the complaint on the defendant. (ECF No. 4.) On February 25, 2019, plaintiff filed a motion for default judgment and noticed the motion for hearing before the undersigned on March 29, 2019. (ECF No. 9.) There has been no appearance by the defendant.

An action based on the negligent or wrongful conduct of a government employee must be brought against the United States as a claim pursuant to the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 2671-2680; see also Kennedy v. U.S. Postal Service, 145 F.3d 1077, 1078 (9th Cir.

////

1998) ("the United States is the only proper party defendant in an FTCA action").[1] And "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988).

Pursuant to Rule 4 of the Federal Rules of Civil Procedure:

> To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

Here, plaintiff's proof of service reflects service on "UNITED STATES DEPARTMENT OF VETERANS AFFAIRS" employee "JANE DOE." (ECF No. 4.) Plaintiff, therefore, has not properly served the defendant. Plaintiff's motion for default judgment will be denied without prejudice to renewal, and plaintiff will be granted an additional 30 days to properly serve the defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 25, 2019 motion for default judgment (ECF No. 9) is denied without prejudice to renewal;

////

---

[1] Plaintiff is also advised that "a FTCA action 'shall not be instituted' against the United States unless the claimant first presents his claim to the 'appropriate federal agency' and the claim is denied." Wilson v. Drake, 87 F.3d 1073, 1076 (9th Cir. 1996) (quoting Meridian Int'l Logistics, Inc. v. United States, 939 F.2d 740, 743 (9th Cir. 1991)). The requirement is jurisdictional and "must be strictly adhered to." Jerves v. United States, 966 F.2d 517, 521 (9th Cir. 1992).

2.  The March 29, 2019 hearing of plaintiff's motion is vacated; and

3.  Plaintiff is granted thirty days to properly serve the defendant.

Dated: March 21, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/mccall1927.mdj.den.ord